UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ROGER EUGENE GRESHAM, | ) | No. CV 10-6332 DDP (FFM) |
| Petitioner, | ) ) | ORDER DISMISSING PETITION |
| v. | ) ) | |
| TERESER A. BANKS, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a federal inmate, currently incarcerated at the federal correctional institution in Adelanto, California. On August 25, 2010, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, ostensibly pursuant to 28 U.S.C. § 2241.

It appears from the face of the Petition and accompanying papers that petitioner's current incarceration stems from concurrent sentences of 120 months and 327 months imposed on August 30, 1996 in the Northern District of Texas. It further appears from the face of the Petition that petitioner has sought relief under 28 U.S.C. § 2255, although it is unclear whether petitioner previously raised the precise claims raised here.

/ / /

/ / /

/ / /

As best the Court can glean from the Petition and accompanying papers, petitioner is claiming that his sentence was imposed in violation of his right to review the presentence report prior to sentencing. Petitioner also contends that the sentencing judge improperly enhanced his sentence based on "two suspended cases."

Under 28 U.S.C. § 2255:

> "A prisoner in custody under sentence of a court establish by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentences, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

As the Supreme Court observed in *United States v. Addonizio,* 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979), the statute "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court."

In this regard, § 2255 specifically provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See, e.g., Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (affirming the district court's dismissal of a habeas petition collaterally attacking the validity of a conviction on the ground that the petitioner had failed to show § 2255 was an inadequate remedy), *cert. denied.*, 528

U.S. 1178 (2000); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988).

The general rule is that the inability to file a second or successive petition does not in itself make section 2255 "inadequate or ineffective." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Challenges to petitioner's sentence on the grounds asserted herein were available to him on direct appeal and through motion pursuant to 28 U.S.C. § 2255. Therefore, consideration of the present petition is not appropriate under the "inadequate or ineffective" escape hatch and the Court has no jurisdiction to consider petitioner's claims.

IT IS HEREBY ORDERED that judgment be entered denying the Petition without prejudice for lack of jurisdiction.

DATED: March 30, 2011

_____
DEAN D. PREGERSON
United States District Judge

Presented by:

  /S/ FREDERICK F. MUMM
     FREDERICK F. MUMM
     United States Magistrate Judge